■ In the Matter of the Claim of ERNA STEIN, Respondent, against LA MARGUISE FOOTWEAR, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law holding said Fund liable for reimbursement for all death benefits payable in excess of 104 weeks. In 1948 and 1949 decedent had a compensation case resulting from diagnosed bronchial asthma and allergic rhinitis. In June of 1952 he was again injured — heart accident — while working for the employer herein. In July of 1954 he underwent an operation for cancer and in October of the same year died from a heart attack. One of the conditions necessary to put subdivision 8 of section 15 into operation is that the employer have knowledge of the employee's permanent physical impairment. Here the record discloses that certain fellow employees knew that decedent was receiving compensation; that he refused to work overtime lest he impair his rights thereunder and that they had noticed that he had difficulty in breathing and was easily excited. One of the witnesses testified he assumed his prior condition was from a rash. The record is devoid of testimony as to a permanent pre-existing physical condition of "asthma" or that any of the witnesses considered the condition described as "permanent". The purpose of the Special Fund is to encourage the hiring of handicapped persons subject to certain conditions and requirements. In *Matter of Ferguson* v. *Art Stone Co.* (6 A D 2d 25) the claimant suffered from an asthmatic condition but it was stipulated in that case that the employer had knowledge of the permanent impairment. In *Matter of Netto* v. *General Crushed Stone* (5 A D 2d 721) it was not disputed that the employer knew of the condition and believed it to be permanent. The fact that an employee might have a compensation case from some prior employment in no way implies that the condition is permanent and we disagree with the finding of the board "proof herein adduced which is of sufficient strength to establish that the deceased claimant sustained permanent impairment resulting in an asthmatic condition" and that the employer

had knowledge. There was no substantial evidence to sustain the finding. There was no clear showing in this record of the essential requirement of subdivision 8 of section 15 that " death would not have occurred except for such pre-existing permanent physical impairment" (par. [e]). Decision and award of the Workmen's Compensation Board reversed as against Special Disability Fund, with costs against the Workmen's Compensation Board, and claim remitted to the board. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.